**No. 57364.**—W. R. Zanes & Co. of La., Inc. *v.* United States, protest 179468–K/ 14043 (New Orleans).

JOHNSON, Judge: The merchandise at issue consists of chinaware invoiced as "Art. No. 654/100 International Kids." The articles were contained in 2 cases, packed 1 pair in a box and 12 gross pairs in case N–7202, and 8 gross pairs in case N–7203. The articles were advisorily classified as decorated porcelain tableware "salt and pepper," and duty was assessed at 10 cents per dozen pieces and 70 per centum ad valorem under paragraph 212 of the Tariff Act of 1930. The plaintiff claims that the articles are chinaware ornaments and, therefore, properly dutiable under said paragraph at the ad valorem rate of 70 per centum only.

At the trial in New York, Emanuel Rivkin, general manager of Langfelder, Homma & Carroll, Inc., the importer, testified on behalf of the plaintiff that he submitted the invoice papers to the plaintiff to enter for the account of his firm; that the importer has handled such articles for 2 or 3 years and is fully familiar with the items in question. He testified that there are several styles of these international kids, representing different countries, and that they were not salts and peppers, but ornaments. A representative sample was marked in evidence

as collective illustrative exhibit 1, as illustrative of the imported merchandise. This article has no holes in the top such as in a salt or pepper shaker and no hole in the bottom in which to insert a cork. The item used as an illustration, however, was not imported as a part of the shipment in question. The witness admitted that he had never seen the articles contained in the cases in question as they were delivered directly to their customers. He was positive that in his experience he had never had an importation of these international kids in the form of salts and peppers, although he admitted that in the rush of business such items might have been shipped by mistake.

The case was transferred to the port of New Orleans, where it had been entered, and Richard B. Cromwell, examiner of the merchandise, testified on behalf of the Government that he had opened case numbered 7203 and found "Porcelain figure with holes on top and cork on the bottom and you can put a cork in the bottom and it is to put salt and pepper in." When shown collective illustrative exhibit 1, the witness testified that it was not the type of article he found in the case. The witness further testified that he only examined the articles in case 7203, and he assumed that the merchandise in case 7202 was the same.

In view of the evidence before the court, it is clear that case 7203 contained salts and peppers and not ornaments, as claimed by the importer. As for the articles contained in case 7202, there is nothing before us to establish that the articles are not like those observed by the examiner in case 7203. The presumption of correctness of the classification of the articles as tableware, in the absence of evidence to the contrary, has not been overcome. Therefore, we are constrained to enter judgment in favor of the Government.